Gerald M. BOBER, Appellant,

v.

Elaine CHAO, U.S. Secretary
of Labor, Appellee.

No. 02–5352.

United States Court of Appeals,
District of Columbia Circuit.

Nov. 20, 2003.

Gerald M. Bober, pro se, Baltimore, MD, for Plaintiff–Appellant.

R. Craig Lawrence, Assistant U.S. Attorney, Roscoe Conklin Howard, Jr., U.S. Attorney, Brian J. Sonfield, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Defendant–Appellee.

Before HENDERSON and GARLAND, Circuit Judges, and SILBERMAN, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This cause was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. It is

ORDERED and ADJUDGED that the judgment of the District Court be affirmed. Appellant is an administrative law judge who had a myocardial infarction, allegedly caused by work-related stress. He applied for workers' compensation benefits and the claim was denied. He brought suit, claiming a due process violation as a result of two alleged procedural deficiencies: (1) the Secretary's alleged failure to provide him with an opportunity to contest the information in the statements of accepted facts prepared by the claims examiner, and (2) the Secretary's failure to involve him in the selection of examining physicians.

The district court dismissed the case, relying on the jurisdiction-stripping provision of 5 U.S.C. § 8128(b)(2), which provides that decisions allowing or denying claims under the Federal Employees Compensation Act are "not subject to review by another official of the United States or by a court by mandamus or otherwise." The court concluded that appellant had not asserted any constitutional violation that could bring him within the implicit exception of § 8128(b)(2) recognized in Lepre v. Dep't of Labor, 275 F.3d 59 (D.C.Cir.2001).

The district court was correct. Even assuming that appellant has a property interest in his claim (an extremely dubious assumption under American Manufacturers Mutual Insurance Co. v. Sullivan, 526 U.S. 40, 60–61, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999)), the process he was given clearly satisfies the Constitution. He was given ample opportunity to present his objections in administrative appeals, and in fact he did so. The Secretary's rejection of appellant's arguments does not mean that his constitutional rights have been violated.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.